Good morning. My name is Jay Toney. I represent Petitioner Appellant Matthew Jaspar. The briefs, I believe, cover most of the points for both sides. One thing I would like to indicate is that our position is that the Gibson v. Ortiz ruling of this court should be applied in this case because the instruction 250.01 and 250.1 clearly allow the jury to be confused, as this court ruled, and that it's in derogation of the right of the defendant to insist.  I believe that – I wasn't, of course, the attorney – but I believe that it was not objected to below. You're asking that we review this on plain error? Did you brief it? The appeal of this case indicated that this was in error, and for a slightly different reason, they were indicating that it should be held as the prior crime should be proved beyond a reasonable doubt. But I believe it was fairly presented. You did brief the question to us, but you're here now on a plain error review. Yes. And under Gibson, I believe it was plain error to – Is your reading of Gibson that Gibson struck down those instructions as given in any case when they're given in tandem? Yes. So it's a per se violation once those instructions are given in tandem, or is it an as-applied problem? Do we get to look at all of the instructions that were given in the course of the trial and all of the arguments? I believe that it's plain error, but I believe even if you look at everything else, it still falls in violation of Gibson. Well, that begs the question, though, doesn't it? I mean, if the issue was not properly preserved, and we're here on AEDPA review, do we review it the same way we would on direct appeal? I don't know the answer to this. Does plain error apply in an AEDPA case, or does that somehow inform our inquiry as to whether or not the California courts were objectively unreasonable in ruling that there was nothing wrong with the instruction? There may be a difference, but I think that under these circumstances, with the instructions given exactly the way that Gibson criticized, that the standard should be the same, whether it's under or not. Well, except that on federal habeas review, we have to determine whether the claim is properly preserved and presented to us. And if we conclude that it wasn't, because it wasn't litigated, for example, in the district court, do we have the authority to reach down and nonetheless decide it? Well, I believe it was essentially fairly presented because it was brought up throughout the briefing that this instruction, these instructions in tandem were violative of due process. And I believe if you read the record, that it was adequately presented at that time, fairly presented throughout, that this was improper. The way it was presented, counsel, below appears to have been that the instructions were in error because it would be a violation of due process to require the prior offenses to be proved only to a preponderance of the evidence rather than that the present crime can be proved by a preponderance of the evidence. Yes. So the issue was never really put about the present crime being proved to an unconstitutional standard. Of course, Gibson came down after all of this, was litigated. And the issue is whether it was fairly presented as a violation. And under these circumstances, when we're talking about the same instructions and the effect, I believe the issue was fairly presented to the State and to the federal courts below. Is there a position that if Gibson came down after this case, there was no necessity to preserve the error in this case? No, I don't go that far. But when the very instructions that Gibson talks about were objected to, the fact that it's on a somewhat subtle difference as far as whether the prior had to be proved beyond a reasonable doubt or the case in chief had to be proved beyond a reasonable doubt, I think is close enough that the issue was fairly presented as it came up. That's our position on it. And I'm happy to answer any other questions that you have at this point. Otherwise, I'd like to reserve a minute, possibly, for both. All right. Very well. Thank you. Mr. Martinez. Thank you, Your Honor. May it please the Court, Carlos Martinez from the California Attorney General's Office representing the appealee. First of all, the plain error standard does not apply in ADEPA cases. Plain error is a function of the federal direct appeal mechanism. And ADEPA is a totally separate and different type of review. It's a very highly deferential standard of review. I've cited cases in my brief talking about unexhausted claims. This is an unexhausted claim because it's totally different from the claim that was raised before the California Superior Court, the California Court of Appeal, the California Supreme Court. And, therefore, it is unexhausted. And there are cases that say that the federal court will not assume that the state courts are clairvoyant, that somewhere in there is a claim that can come up later on in federal court. And, again, this particular claim was never raised before the United States magistrate judge, the United States district court judge as well. Would you be satisfied with a remand that would allow a dismissal without prejudice so that the Petitioner could exhaust his claim in the state proceedings? No, Your Honor. I do not, because it's not the same claim. But also, in this particular case, appellant never objected to the instruction as far as I can see. I'm – from my recollection of the record, appellant did not object to the actual instructions given. His objection and his argument below in the California Court of Appeal has always been that the charge defense should be decided under a – should be proved beyond a reasonable doubt. You don't object to that, do you? No. I don't object to that because those prior convictions were, in fact, proved beyond a reasonable doubt. The defendant had a 1987 prior and a 1990 prior for lewd and lascivious. Those both – both those convictions were proved beyond a reasonable doubt. As far as the 1108 evidence under the penal – under the evidence code, the preponderance of the evidence standard is, of course, constitutional. Federal court uses that same standard. And it has been applied and upheld in the two United States Supreme Court cases that I've mentioned in my brief. Okay. So what's the – what's California's position on Gibson? California's position on Gibson is that Gibson – well, my position on Gibson is that it's an as-applied case. And California, from my understanding, has since changed the – the Calgic instruction that applied or was used in Gibson. Is the – is California's view that Gibson is an as-applied case or an on-its-face case? It's – it's on-its-face case, Your Honor. Well, if it's on-its-face, then why isn't – why isn't – why doesn't that mean that any time those two instructions are given in tandem, then California has violated the Constitution on its face and we should just simply reverse? No, Your Honor, because, again, that particular issue was never raised below. And in this particular case – and I may have misspoken and misunderstood the Court's question, Your Honor, when you said on its face. Well, did our – do you interpret our opinion in Gibson to say that the giving of those two instructions in tandem is a per se violation? That is, that those – Oh, I'm sorry. No, no, Your Honor. No, not at all. Again, you would have to look at the prejudice to – in the particular case. Well, prejudice is a different question. Prejudice is a different question. The question is whether the giving of those two instructions, whether we have to look at sort of the whole set of instructions that were given or whether the fact that those two instructions have been given together in the same case violates the Constitution. You would have to look at all the instructions, Your Honor. In fact, that's always been the standard in every single case. You would have to always look at all the – all the instructions that were actually given. In fact, the United States Supreme Court has repeatedly said that you look at all the instructions, you look at the charge as a whole, and see what particular – what type of prejudice could have arisen. Does the Court have any questions on any of the other two issues raised? The ineffective assisted counsel claim that has a Lackawanna – an interesting Lackawanna issue. Appellant doesn't fall within any of the exceptions of Lackawanna. The very specific Gideon exception and the fairly rare and vague exception, no-fault exception. He doesn't fall under either one of those types of exceptions. And even if he did, he can't meet either prong of the Strickland standard. And I've listed off every single one of the reasons why. The – as far as the objective standard of Strickland, probably the most important one is that back in 1987, the defendant had what is known as a Penal Code Section 288.1. He had molested a family member, his own daughter, and there was a psychological report done on two occasions. And, of course, every psychological – every psychologist does a present mental evaluation. So that the defendant knows – is determined to see whether he understands time, place, manner, that type of thing. He's aware of his circumstances. And, of course, the doctor in this particular case did that. So it's hard to believe that counsel in 1998 can claim that counsel in 1987 should have raised appellant's competence. Appellant's competence was, in fact, confirmed by a doctor. But doesn't Lackawanna bar counsel in 1998 from challenging the prior conviction in 1987? Yes, absolutely. Well, if it does, then how can counsel today claim that counsel in 1998 was ineffective in failing to raise a defense that has no basis whatsoever? That's my – that's my – that's my assuming arguendo argument, Your Honor. My – my initial argument is that Lackawanna is a complete and total bar. And if you don't – if you don't accept that, then – and you want to address the IAC issues, then he doesn't meet either prompt. Mr. Martinez, I want to take you back to the instructional issue. And, frankly, this may be a better question for Mr. Parnes and Ms. Ruffra in the next case, but I'm a little bit hung up on the language in Ortiz, Gibson v. Ortiz, which cites to the Middleton v. McNeil Supreme Court decision in 2004, acknowledging that we have to look at the instructions and the trial record as a whole, but that the problem with the – the two instructions is the ambiguity in which standard of proof the jury is supposed to apply. And if – if I'm reading Judge Wardlaw's opinion correctly in Gibson, that panel concluded that because the trial court made no effort to harmonize the two differences by explaining to the jury what to do once they found by a preponderance of the evidence that the prior crime had occurred, we've got the problem that Judge Bybee was asking you about earlier, that even if you look at the instructions as a whole, there's no effort made to harmonize, therefore, there's a due process. It's a burden of proof that the jury is to apply. I believe that there would be no confusion here because of the arguments made by counsel in this particular case. And if you look at the record, and I understand the Court has the record, you will see how counsel has argued that that prior – I believe it was a 1987 prior – can be used and that there would be no prejudice in this particular case. Thank you. But just one – just one question. On the 1987, that was a conviction, wasn't it? It was a conviction. Okay. So the – so the question as to whether we've used a lesser standard of – of proof is almost irrelevant in this case, isn't it? In other words, he has been proven beyond a reasonable doubt to have – to have committed a prior – a prior sex crime. Yes. That's absolutely correct, Your Honor. In fact, he was – as far as the 1108 evidence, the Court allowed only one prior to be used for 1108 purposes. But for purposes of the conviction, he was found guilty of committing – having two lewd and lascivious acts, priors. There were a 1987 and I believe a 1990 lewd and lascivious act. And we have convictions on all of those? Yes, Your Honor. Okay. So – all right. Now, you'll have to – you'll have to remind me in – I read – we read Gibson again this morning. In Gibson, was the prior a conviction or was the prior simply an allegation of – of similar conduct? No. It was a conviction. In Gibson. In Gibson. And yet we overturned it. No, I'm sorry. In Gibson, I don't recall whether it was a prior conviction, but I thought you were asking about this particular case. Oh, I'm asking about – In this particular case, it was a prior conviction. No, I'm asking in Gibson whether that was also a – whether that was a conviction or not, the prior. I do not recall, Your Honor. I think that maybe it was not, but I'll have to check that. I do not recall. We'll save that question for counsel in the next case. Okay. Thank you. All right. Any rebuttal? Thank you, Your Honor. Thank you. Counsel got the court to bifurcate the trial of the priors and weighed the jury on the priors in Jasper's case. So the problem is not whether or not the priors could have been proved beyond a reasonable doubt. The problem is that the jury was given this confusing standard of preponderance. The jury could have been given, I suppose, the – Okay. But the question of preponderance goes to what? In this case, the question of preponderance goes to the prior, and Gibson held that it becomes confusing. Yeah. Okay. But in this case, there's no – whether or not he committed the prior – Right. Has already been shown beyond a reasonable doubt because he has a conviction. That's right. And Gibson, I believe my understanding was, and in the case we just had just a minute ago, we had an allegation of prior bad conduct, but it was never – there was never a conviction there. Right. So what's the problem? The problem is that that's irrelevant because the jury wasn't told there was a conviction there. The jury in Jasper's case heard the evidence from the mother about what happened and the spontaneous declaration. Okay. So the jury in this case was told about the prior incidents for which he was convicted but was not told that a conviction resulted. Okay. And so the – Why isn't that just simply harmless error since the prior has been proven beyond a reasonable doubt? Because Gibson doesn't address the proof of the prior. Gibson says now on the new case for which he's standing trial, there may be confusion because of this preponderance evidence. Well, let's suppose there is some confusion in this case. Why does it matter since he was previously convicted of the prior? Because what they're finding here is guilt beyond a reasonable doubt on the new offense, the 1997 offense. Right. And – For which they may use as part of the evidence a propensity to commit such acts. Agreed. I understand you seem to have all of these cases sort of in tandem today. We did that on purpose. Really? Yeah. All right. We actually do group cases for just this reason. I know. I understand that. And the – but the problem is whether the jury in deciding the 1997 allegation could say, gee, we're convinced under this confusing instruction by preponderance of the evidence that he committed this new one, and therefore we find him guilty. That's what Gibson does. And so the fact that the prior was beyond a reasonable doubt is – That was not my understanding of Gibson. My understanding of Gibson was that they were concerned that the jury might find that the prior would find the prior by a preponderance of the evidence, and then use that as evidence of his acts – of his current acts. And so the problem is whether you found – is whether you found the propensity by a – on the basis of acts for which there's only preponderance of the evidence but not proof beyond a reasonable doubt. That's not your problem. Your guy has already been found guilty of those acts by a – beyond a reasonable doubt. I disagree. I think Gibson has to do with the problem of the jury finding the case for which he's on trial beyond a reasonable doubt. And that's why those two instructions need to be clarified. And counsel's right. They have been now. That instruction is no longer given because of Gibson. Okay. Yes, absolutely. The case just argued is submitted. And we will take a ten-minute recess before we next hear argument in Tsang v. Lamar. All rise. This court is getting a recess. The court is adjourned.
judges: Tallman, Bybee, Bea